# STATE OF MINNESOTA
# IN COURT OF APPEALS
# A24-0683

In the Matter of the Wetland Conservation Act appeal
filed for Tyler Serbus of a No-Loss decision, located
in part of Section 18, T. 121N, R. 30W,
Forest Prairie Township, Meeker County.

**Filed July 29, 2024**
**Appeal dismissed**
**Segal, Chief Judge**

Board of Water and Soil Resources
File No. 24-2

Gary R. Leistico, Jayne E. Esch, Thomas S. Maigaard, Leistico & Esch, PLLC, Clear Lake, Minnesota (for relator Tyler Serbus)

Keith Ellison, Attorney General, Oliver J. Larson, Assistant Attorney General, St. Paul, Minnesota (for respondent Minnesota Board of Soil and Water Resources)

Considered and decided by Segal, Chief Judge; Bjorkman, Judge; and Slieter, Judge.

## SYLLABUS

When petitioning the court of appeals for review of a denial by the Minnesota Board of Water and Soil Resources of a petition for appeal of a no-loss decision under Minn. Stat. § 103G.2242, subd. 9 (2022), the local government unit that issued the no-loss decision is a "part[y] to the contested case" that must be timely served with a petition for a writ of certiorari as provided in Minn. Stat. § 14.63 (2022).

# SPECIAL TERM OPINION

**SEGAL**, Chief Judge

Relator Tyler Serbus filed this certiorari appeal, challenging a denial by respondent Minnesota Board of Water and Soil Resources (the board) of Serbus's petition for appeal. Serbus was seeking review of the denial by Meeker Soil and Water Conservation District (Meeker SWCD) of his application for what is known as a "no-loss" decision.

Serbus had filed an application with Meeker SWCD requesting a determination under the Minnesota Wetland Conservation Act, Minn. Stat. §§ 103G.221-.2375 (2022 & Supp. 2023), that a project would cause no permanent loss of, or impact to, wetlands on certain property in Meeker County. Meeker SWCD denied Serbus's no-loss application. Serbus then submitted a petition for appeal of Meeker SWCD's decision to the board. The board denied his petition, reasoning that Serbus's application did not "provide enough evidence []or fulfill the requirements necessary to approve a no-loss."

Serbus sought review of the board's denial by a petition for writ of certiorari filed with this court. Serbus filed a certificate of service with the certiorari petition stating that Serbus served the certiorari petition and other appeal documents on the board and the attorney general by mail on April 25, 2024. We questioned whether Meeker SWCD was a party to the proceeding before the board, whether Serbus timely served the certiorari petition on Meeker SWCD and, if not, whether this appeal must be dismissed for lack of jurisdiction. Serbus and the board filed informal memoranda.

2

**ANALYSIS**

A wetland owner may seek review of a local government's no-loss decision under the Minnesota Wetland Conservation Act by submitting a petition for appeal to the board. Minn. Stat. § 103G.2242, subd. 9(a). The board shall grant the petition and hear the appeal "unless the appeal is deemed to be without sufficient merit, trivial, or brought solely for the purposes of delay; the petitioner has not exhausted all local administrative remedies; or the petitioner has not submitted the required filing fee." Minn. R. 8420.0905, subp. 4(A) (2023). "If an appeal is granted, the appeal must be heard by the committee for dispute resolution of the board, and a decision must be made by the board within 60 days of filing the local government unit's record and the written briefs submitted for the appeal and the hearing." Minn. Stat. § 103G.2242, subd. 9(d).

Under the Minnesota Administrative Procedure Act, a petition for a writ of certiorari must be filed with the court of appeals and "served on all parties to the contested case not more than 30 days after the party receives the final decision and order of the agency." Minn. Stat. § 14.63. This court "lacks jurisdiction over an administrative appeal that is not initiated in accordance with the requirements of the [Minnesota] Administrative Procedure Act." *In re Midway Pro Bowl Relocation Benefits Claim*, 937 N.W.2d 423, 425 (Minn. 2020).

Serbus contends that Minn. Stat. § 14.63 does not require service of the certiorari petition on Meeker SWCD. Serbus argues that "there is no 'contested case' that occurred here such that Meeker SWCD ever was a 'party to a contested case.'" Serbus asserts that the decision being appealed is a "unilateral decision" by the board to deny Serbus's petition

3

for appeal and that "any relief that this Court grants will not be directed at [Meeker SWCD]," so this court can grant complete relief without it.

The board contends that Minn. Stat. § 14.63 requires timely service of the certiorari petition on Meeker SWCD. It asserts that Serbus and Meeker SWCD were the parties to the proceeding before the board and that Meeker SWCD thus remains a party here. And the board maintains that section 14.63 "is unambiguous in holding that the parties to an underlying decision must be served to invoke certiorari jurisdiction."

The parties' arguments present a question of statutory interpretation, the purpose of which is to "ascertain and effectuate the intention of the legislature." Minn. Stat. § 645.16 (2022). When interpreting a statute, we determine whether the language of the statute is plain and unambiguous and, if it is, "that plain language must be followed." *Amaral v. St. Cloud Hosp.*, 598 N.W.2d 379, 384 (Minn. 1999).

We are guided here by the language of the applicable statutes and the board's rules. The Minnesota Statutes provide that "[a] decision whether to grant a petition for appeal . . . must be considered *the decision of an agency in a contested case for purposes of judicial review* under sections 14.63 to 14.69." Minn. Stat. § 103G.2242, subd. 9(d) (emphasis added). In other words, the proceeding before the board must be treated like a contested-case proceeding for the purposes of judicial review under Minn. Stat. § 14.63, even if the board denied the appeal petition and never held a contested-case hearing. And the board's rules governing contested-case proceedings provide that the local government unit is a party to a contested-case proceeding. *See* Minn. R. 8420.0905, subp. 4(D) (2023) ("Parties to the appeal are the appellant, the landowner, the local government unit, and

4

those required to receive notice of the local government unit decision."). Here, it is undisputed that Meeker SWCD is the "local government unit."

Because Minn. Stat. § 103G.2242, subd. 9(d), requires us to consider the board's decision as "the decision of an agency in a contested case" for purposes of judicial review under Minn. Stat. § 14.63, we must treat the proceeding before the board like a contested-case proceeding when applying Minn. Stat. § 14.63. And because Meeker SWCD was a party to the board's decision to deny the petition for appeal, we conclude that Serbus was required to timely serve the certiorari petition on Meeker SWCD under Minn. Stat. § 14.63.

Serbus's certiorari petition indicates that Serbus received the board's decision on April 2, 2024. The time to file and serve a certiorari petition seeking review of that decision expired on May 2, 2024. *See* Minn. Stat. § 14.63 (providing a 30-day appeal period). Serbus has not filed proof of service of the certiorari petition on Meeker SWCD and does not claim that he ever served the petition on Meeker SWCD. Because Serbus has failed to establish timely service of the certiorari petition on Meeker SWCD under Minn. Stat. § 14.63, we must dismiss this appeal. *See Midway*, 937 N.W.2d at 425 (explaining that this court lacks jurisdiction over an appeal that is not initiated in accordance with the requirements of the Minnesota Administrative Procedure Act).

**Appeal dismissed.**